**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CRAIG C. PRICE,

    Plaintiff,

v.                                                                  Case No. 3:17-cv-1182-J-32MCR

JULIE JONES, et al.,

    Defendants.

_____

## **O R D E R**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff names as defendants Julie Jones, Jeffrey R. McClellen, Denis A. Vilchez, G. Espino, S. Alvarez, Chuong Le, C. Le, and F. Mock. In the Complaint, Plaintiff asserts Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and failed to accommodate his disability in violation of the American Disabilities Act.

Before the Court is Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 3) (Motion). In the Motion, Plaintiff seeks a temporary restraining order and preliminary injunction for "proper orthopedic medical treatment." Motion at 1. Plaintiff complains that he is not receiving adequate medical treatment for damages to his right and left knees. Specifically, in his proposed "Order to Show Cause and Temporary Restraining Order," Plaintiff seeks an order that Defendants Julie Jones and F. Mock arrange for Plaintiff "to be examined by a qualified orthopedic specialist and surgeon and

to obtain from that specialist and surgeon an evaluation of the condition of plaintiff's right and left knee and a prescription for a course of medical treatment. . ." Doc. 3-14 at 1-2.

The Court finds that Plaintiff's Motion is due to be denied. As an initial matter, a preliminary injunction (PI) may only be granted after notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). Plaintiff does not indicate that any notice has been provided to any defendant. Further, to the extent Plaintiff seeks a temporary restraining order (TRO), Plaintiff must provide in writing "any efforts made to give notice [to Defendants] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff does not indicate what efforts were made to give notice of the Motion to Defendants or reasons why notice should not be required.[1] Additionally, the Court's Local Rules requires that a motion for a TRO or PI must "be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed.R.Civ.P." Local Rules 4.05(b)(3), 4.06(b)(1). Plaintiff did not prepare a proper proposed form of temporary restraining order. Therefore, Plaintiff fails to comply with Rule 65, Federal Rules of Civil Procedure and the Court's Local Rules. While filings by pro se plaintiffs are liberally construed, the plaintiffs must still comply with the Federal Rules of Civil Procedure and the Court's Local Rules. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed."); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

---

[1] The Court notes that Defendants have yet to be served the Complaint.

Moreover,

> [a] TRO or preliminary injunction is [only] appropriate where the movant demonstrates that:
>
> (a) there is a substantial likelihood of success on the merits;
>
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
>
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>
> (d) the TRO or preliminary injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). A TRO or PI is "an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites. The burden of persuasion in all of the four requirements is at all times upon the plaintiff." United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983) (internal quotation marks and citations omitted).

Here, Plaintiff fails to make a showing that there is a substantial likelihood of success on the merits. Plaintiff's allegations in his Complaint speaks to neither denied nor delayed medical treatment for his knees. Indeed, Plaintiff has been examined numerous times by medical staff concerning his knees, he has had two surgeries on his right knee, he is currently scheduled for another procedure on his right knee, and a referral for an orthopedic consultation for his left knee is pending approval. "Medical treatment violates the eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris v.

Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks and citation omitted). As such, the Court finds that Plaintiff has not met his burden of showing that injunctive relief is appropriate. Accordingly, it is

**ORDERED** that Plaintiff's motion for motion for temporary restraining order and preliminary injunction (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 31st day of October, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sflc

c: Craig C. Price

4